# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

UNITED STATES OF AMERICA

v.                                        Case Number: 4:16-CR-00123-O(02)

DEMONTRAY ROSS                    U.S. Marshal's No.: 54173-177

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

The defendant, DEMONTRAY ROSS, was represented by John Stickney.

**THE DEFENDANT:**

Was found by the Court to have violated Paragraphs II, III, and IV of the Petition for Offender Under Supervision, dated June 4, 2021 and Paragraph I of the Addendum to Petition for Person Under Supervision dated June 17, 2021.

**See Petition for Offender Under Supervision.**

Certified copy of the Judgment imposed on October 25, 2016, in the U.S. District Court for the Northern District of Texas, Fort Worth Division, is attached.

As pronounced on July 9, 2021, the defendant is sentenced as provided on page 2 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed July 9, 2021.

REED O'CONNOR
U.S. DISTRICT JUDGE

Judgment in a Criminal Case for Revocation Page **2** of **2**
Defendant: DEMONTRAY ROSS
Case Number: 4:16-CR-00123-O(2)

## IMPRISONMENT

The defendant, DEMONTRAY ROSS, is hereby committed to the custody of the United States Bureau of Prisons (BOP) to be imprisoned for a term of **FOURTEEN (14) MONTHS**.

The Court makes a non-binding recommendation to the BOP that Defendant, if appropriately classified, be allowed to serve his term of imprisonment as near as geographically possible to an FCI facility in the Dallas/Fort Worth area, Texas.

The defendant is remanded to the custody of the United States Marshal.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY_____
Deputy Marshal

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:16-CR-00123-O(02) |
| | U.S. Marshal's No.: 54173-177 |
| DEMONTRAY ROSS | Brian Poe, Assistant U.S. Attorney |
| | Taly Haffar, Attorney for the Defendant |

On June 16, 2016 the defendant, DEMONTRAY ROSS, entered a plea of guilty as to Count One of the Indictment filed on May 18, 2016.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance | May 9, 2016 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Indictment filed on May 18, 2016.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
By s/*MELISSA HURTADO
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS

July 9, 2021

Sentence imposed October 25, 2016.

_____
REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 26, 2016.

Judgment in a Criminal Case                                                                                                      Page **2** of **4**
Defendant:  DEMONTRAY ROSS
Case Number:  4:16-CR-00123-O(2)

# IMPRISONMENT

The defendant, DEMONTRAY ROSS, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Sixty (60) months** as to Count One of the Indictment filed on May 18, 2016.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Three (3) years** as to Count One of the Indictment filed on May 18, 2016.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

Judgment in a Criminal Case                                                                                                 Page **3** of **4**
Defendant:  DEMONTRAY ROSS
Case Number:  4:16-CR-00123-O(2)

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill;

participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month; and,

make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as a part of a written report required by the probation officer or otherwise.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case                                                                                         Page **4** of **4**
Defendant:  DEMONTRAY ROSS
Case Number:  4:16-CR-00123-O(2)

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal